IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| KAMILLE JEFFERSON, in her individual capacity as wrongful death heir of MILDRED JEFFERSON, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:24-cv-00103-DGK |
| IGNITE MEDICAL RESORT CARONDELET, LLC, and IGNITE TEAM PARTNERS, LLC, | ) ) ) | |
| Defendants. | ) ) | |

## ORDER APPROVING WRONGFUL DEATH SETTLEMENT

This is a wrongful death case. Plaintiff Kamille Jefferson alleges that her mother died from the deficient care provided at a nursing home owned and operated by Defendants Ignite Medical Resort Carondelet, LLC and Ignite Team Partners, LLC.

Now before the Court is Plaintiff's Second Amended Motion for Approval of the Wrongful Death Settlement. ECF No. 66. Plaintiff asks the Court to approve the settlement and the attorneys' fees request without a settlement hearing. For the reasons discussed below, Plaintiff's motion is GRANTED.

Under Missouri law, a wrongful death settlement requires Court approval. *See* Mo. Rev. Stat. § 537.095. "To obtain approval, a plaintiff must demonstrate that: (1) he or she diligently attempted to notify all spouses, children, and parents of the decedent, and if none of those relatives survive, then the siblings of the decedent, *id.*; *id*. § 537.080.1; (2) the settlement amount is fair and reasonable, *see id*. § 537.095.2; and (3) the attorneys' fees are paid in accordance with the Missouri Rules of Professional Conduct, *see id*. § 537.095.4(2); *see, e.g.*, *Eng v. Cummings, McClorey,*

*Davis & Acho, PLC*, 611 F.3d 428, 435 (8th Cir. 2010)." *Cooper v. FCA US LLC*, No. 4:19-CV-00668-DGK, 2020 WL 5371465, at *2 (W.D. Mo. Sept. 8, 2020).

Plaintiff's motion meets these requirements. First, Plaintiff notified the only other potential wrongful death beneficiary—her brother—and he agreed to forgo any recovery under the settlement. Second, the settlement is fair and reasonable. It provides a total payout of $75,000, which is reasonable given that the key medical doctor retracted his opinion about Plaintiff's mother's cause of death. This nearly crippled Plaintiff's case, but her attorneys were still able to recover this settlement because of the key documents they uncovered by winning a crucial discovery motion and crafting search terms that found those key documents. Third, while a recovery of 40 percent for attorneys' fees—here, $30,000—is at the higher end for these types of cases, the attorneys earned that fee here. *See Kaneaster v. Phillips*, No. 4:22-CV-00253-DGK, 2022 WL 7675518, at *1 (W.D. Mo. Sept. 22, 2022) (approving same fee amount on similar facts). They conducted extensive document and deposition discovery, won a key discovery motion, and overcame potentially case ending facts that unexpectedly arose during the litigation. And it appears each attorney performed work commensurate with his ultimate recovery (i.e., there is no pure referral fee being paid here). Moreover, Plaintiff agreed to the attorneys' fees amount and distribution percentage at the outset of the case, and she recently reaffirmed that those fees are still reasonable at the conclusion of this case. The case expenses of $19,565.54 are also reasonable considering the extensive litigation conducted by Plaintiff's counsel.

That leaves the issue of whether the Court should approve this motion without a hearing. The Court typically holds a wrongful death settlement hearing to determine: (1) whether the settlement amounts and attorneys' fees are fair and reasonable; and (2) how to apportion the proceeds among the potential beneficiaries. But here, Plaintiff has provided comprehensive

documentation agreeing to the settlement terms and the proposed distribution. The approval motion is also well-briefed and provides all the information the Court needs to approve the motion now. So there is nothing to be gained from holding a hearing. Moreover, holding a hearing would impose a significant burden on Plaintiff. She is a Tennessee resident and would have to travel halfway across the country for a short, uncontested hearing. And even if the Court were inclined to hold a telephonic hearing, Plaintiff's counsel's recent filings suggest that Plaintiff has been difficult to contact in the last month. *See* ECF No. 64. So rather than schedule an unnecessary and potentially burdensome hearing that Plaintiff may not attend, the Court finds that the record is developed enough to approve the settlement without a hearing. *See Temple v. Sahota*, No. 20-05103-CV-SW-DPR, 2021 WL 4692389 (W.D. Mo. Oct. 7, 2021).

For the reasons stated above, Plaintiff's motion is GRANTED. The parties shall execute the settlement agreement's terms and distribute the settlement proceeds as described therein as well as in the settlement approval motions. The parties shall provide a status report about the distribution process every thirty (30) days after entry of this order. Within seven (7) days of completing all distributions, the parties shall file a stipulation of dismissal with prejudice. Failure to comply with this order may result in the Court dismissing this case with prejudice under Federal Rule of Civil Procedure 41(b) for failure to comply with the Court's order and failure to prosecute.

**IT IS SO ORDERED.**

Date: September 5, 2025     /s/ Greg Kays
                                                    GREG KAYS, JUDGE
                                                    UNITED STATES DISTRICT COURT